

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2005

# Foster v. Myers

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Foster v. Myers" (2005). *2005 Decisions.* Paper 945.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/945

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1101
_____

JAMES E. FOSTER,

Appellant

v.

THOMAS L. MYERS; DAVID SCOTT;
HOMER FLOYD; JOSEPH ADLER;
TRENT HARGROVE, Esq.; JOAN D.
GMITTER; MARIE M. TOMASSO;
ROMINGER & BAYLEY LAW FIRM

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 04-cv-01617)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
JUNE 24, 2005

Before: RENDELL, AMBRO AND FUENTES, CIRCUIT JUDGES

(Filed June 29, 2005)

_____

OPINION

_____

PER CURIAM.

In July 2004, James Foster filed a pro se civil rights Complaint, which was amended twice, in which he named the law firm of Rominger & Bayley and individuals apparently employed by the Pennsylvania Human Rights Commission, the Governor's Office of General Counsel, and the Equal Employment Opportunity Commission, as defendants. It appears from the Second Amended Complaint (referred to as the "Amended Complaint") that Foster believes that the defendants participated in a conspiracy to publish false information about him through a database maintained by the Pennsylvania Department of Labor and Industry ("DOLI") that is accessible to prospective employers. He believes that the publication of this information has prevented him from obtaining employment. He alleged that the defendants were engaged in the same conspiracy as the defendants named in a related civil case, Foster v. Pa. Human Relations Comm'n, Civ. A. No. 03-01890. He claims that the defendants "interacted and conspired in an effort to conceal facts and deny information by impeding, hindering, misleading, misinforming, misdirecting and misrepresenting laws in order to confuse and delay Plaintiff's cause of action to redress the courts." Foster seeks damages.

The District Court granted Foster's motion to proceed in forma pauperis and dismissed sua sponte the Amended Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The District Court found that Foster's two prior civil actions, Foster v. Pa. Human Relations Comm'n, Civ. A. No. 03-01890 (M.D. Pa. 2003) ("Foster I"), and Foster v. Pa. Dep't of Labor & Indus., Civ. A. No. 04-01616 (M.D. Pa. 2004) ("Foster II") alleged that DOLI and other named defendants secretly maintain a "blacklist"

database containing defamatory information on employees labeled as troublemakers by employers. The District Court found that the Amended Complaint did not aver any cause of action or theory of liability different from the prior civil actions. The District Court concluded that the only difference between the Amended Complaint and Foster I, in particular, was that Foster had added new defendants, all of whom were discussed in the prior case. The District Court noted that Foster I was dismissed at summary judgment because he had no documentary or testimonial evidence to support his allegations. Based on the fact that the Amended Complaint essentially reiterated the unsupported conspiracy allegations in Foster I that were dismissed at summary judgment, the District Court held that the Amended Complaint was wholly incredible and clearly baseless. Foster timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal under § 1915(e)(2) is plenary. Like the District Court, we must accept as true the factual allegations in the Amended Complaint and all reasonable inferences that can be drawn from them. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

To the extent that the Amended Complaint names the same defendants as in Foster I or names defendants in privity with those named in Foster I, we conclude that claim preclusion bars Foster's claims because the claims were actually litigated or could have been litigated in a prior action. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Crossroads Cogeneration Corp. v. Orange & Rockland Utils., 159 F.3d 129,

139 (3d Cir. 1998).  As for the newly named defendants, we hold that Foster has failed to state a civil rights conspiracy claim.  Assuming the truth of Foster's allegations, as we must, we find no facts from which we can reasonably infer discriminatory animus for the events in question or of an agreement among the defendants to deprive Foster of his constitutional rights.  Davis v. Township of Hillside, 190 F.3d 167, 171 (3d Cir. 1999).  Thus, the District Court properly dismissed the Complaint with prejudice.

Accordingly, we will affirm the judgment of the District Court.